Ok, Mr. Flores. May it please the Court, Defense Distributed and the Second Amendment Foundation ask this Court to consider the following two options. One, grant the motion for an injunction pending appeal. Two, reverse the District Court's erroneous jurisdictional dismissal. And three, before remanding, render the judgment that the District Court should have rendered, which is a judgment granting the preliminary injunction against a speech crime and civil censorship efforts that are obviously unconstitutional. All of the relief that we ask for is squarely within this Court's jurisdiction. It pertains only to what is happening in Texas. The problem we're trying to solve here is only the problem of the absence of a case in Texas. We are not, in this appeal, trying to solve the separate problem of an extra case in New Jersey. How does the Texas District Court have jurisdiction where all of the, all of the papers, everything having to do with this case, have been sent to New Jersey, irrespective of whether that case was sent to it in Texas?       We are going to try to do that. We will try to get those things back. The fact is that nothing remains in the U.S. District Court in Austin. That's not the fact, Your Honor. Document 117 is plaintiff's second amended complaint in the Western District of Texas. Document 117 is the complaint that sues both the State Department and the New Jersey Attorney General at the same time, and that is still in the Western District of Texas' docket today. It was there originally. It was there when the District Court had issued its application. I thought they severed that. The District Court severed it. Correct, Your Honor. But if the question is, what happened to papers or something physical? The only effect of the severance was a legal fiction. The District Court essentially declared, I will close one eye and deem this document that is still here to only be half effective. This court vacated that decision in Brook, and Brook is the law of the case. The vacater has to mean something. It has to mean something. There is only one kind of vacater, there are no second class vacaters, and the vacater here has the exact effect that it has in every other case, where once a dismissal order has occurred, then while the dismissal order is good law, there is no case below. But once it is vacated, we turn back the clock and the case reverts to its prior status. What is the current status of the case in New Jersey, if you know that we can take judicial notice? I do know, Your Honor. We submitted our most recent filing, so the case in New Jersey was requested to be retransferred back twice. The District Court has refused to retransfer. It refused to retransfer both after this court's initial decision in Brook, and also after receiving an additional retransfer request from the opinion of judges. I understand that, but what if anything is happening in the case in New Jersey? Your Honor, we are waiting to find out what this court does with the motion for an injunction pending appeal. Our process is that we should only be asking for an injunction before one court at a time. We have only done that throughout the process, and so the next step there is probably to ask the Third Circuit to correct. Yeah, so you haven't appealed what the New Jersey judge did to the Third Circuit? Not yet, Your Honor. Isn't that the place to go? Your Honor, that is a solution for the second problem of an extra case, but that is not the problem here. These are two very distinct issues. But we can't tell the—we can ask kindly under comity, but we cannot tell the New Jersey District Court what to do. We're not asking you to do that, Your Honor. We're asking you to tell the Western District of Texas. Okay, we've done that, and the Western District did what we told them, and the New Jersey Court still didn't send it back. Yes, Your Honor, but we don't need the case in New Jersey to come back. The problem of there being two cases is not jurisdictional. The problem of two cases is a claims processing problem. It's a kind of problem we solve with things like a stay, not a jurisdictional rule. It's the kind of thing we solve with problems like preclusion, not a jurisdictional rule. Two cases is not the problem. The problem is that there is no case in Texas, and the only way we can solve that is by vacating what this Court already did. Has the District Court in New Jersey, the District Judge, taken any steps such as a scheduling order or scheduling conference? No, Your Honor, I don't believe so. And let me point out that we did do what the AG says we are supposed to do. In the first appeal in this case, the appeal that led to the Gray Wall decision, we had sued the Attorney General in Texas. They raised a jurisdictional defense, and we appealed to the Fifth Circuit, and at that time, there was a case in Texas and a case in New Jersey. We went to New Jersey and asked for a preliminary injunction in the District Court, and they opposed, and they also opposed in the Third Circuit, and they told the Third Circuit, no injunction is available there. They said to the Third Circuit expressly, in order to get an injunction, we have to come to the Fifth Circuit in the first instance, and here we are. This is the correct place as a matter of law, and it's the correct place because of the position they've taken. We've gone to every court they've asked us to go to, and the question is, what happens to the complaint in the Western District of Texas that was dismissed, and then that dismissal was vacated? In every other instance we know, in every other situation where this Court vacates a case, the original lawsuit comes back to life. It's true that the vacator can't fix this extra lawsuit that was created. We don't need it to fix the extra lawsuit that was created. All we need to do is to get— What we're dealing with now isn't a dismissal. It's a severance and sending it to New Jersey. That's the issue here, and it seems like it's been pretty clear New Jersey won't send it back, and I don't think it's a physical paper anymore anyway. I think it's a virtual paper, but whatever it is, it's in New Jersey, and I'm not understanding why you're not in the Third Circuit protesting that lack of comedy and so forth. That's your argument. I'm not saying it is or isn't a lack of comedy. I'm saying that's your argument, that it's a lack of comedy for a New Jersey district court to not listen to the Fifth Circuit. Your Honor, I've given one reason, and that's that the document is still in the Western District of Texas. Let me give an alternative reason. Suppose that we had tried to start a brand-new lawsuit in Texas, re-file a totally new lawsuit. I don't understand anybody to disagree that we couldn't do that, start a lawsuit in Texas. Through the New Jersey Attorney General, we've already established personal jurisdiction, we've already established venue, and asked for the preliminary injunction. I think that would have been permissible. The only trick is that we have this case against the State Department existing already that needs to be together with the state against the New Jersey Attorney General. So that's what we did in this case. We went back to the existing case, and we said, number one, we think the vacator has automatically revived the case. But if not, restart it here. We will re-sue, amend the complaint, and do it again. There has to be some way for our side of the litigation to put this case in front of Texas, and we used every available mechanism. I think it's important that the AG here concedes the vacator did something. They say the vacator did something below, and if they concede it did something below, that means there was something to act upon, and that is true. The case in the Western District of Texas has always existed. The difference between our case and everything they cite is that their cases are not about severance cases. Their cases are about cases where the entire case was transferred out and literally nothing was left. Our case is probably sui generis. We haven't seen another case like this where there's a sever and transfer, but when the If we care about this formality of what the paper is and where the paper is, it's right there. Document 117, it's been there the whole time. You know, you said that Bruck is the law of the case, and Bruck said that the district court had to request the New Jersey district court to transfer it back. Correct, Your Honor. To solve the second . . . And the New Jersey court didn't, so we've got to follow Bruck. We're stuck.  We're stuck. Or problem two, Your Honor, but the vacator matters. Remember, Bruck's mandate is three parts. Number one is the vacator. Number two is the retransfer request. These are two separate problems. If you take their view of the case, that all that matters is the retransfer request, the vacator is meaningless. It did nothing. But of course it had to do something, right? The vacator was there to solve the most important problem, that the case that the district court made go away has been brought back to life. There's got to mean something there. Our view is the only view that gives the vacator real meaning, and they even say the vacator did something. We agree there is a second problem in New Jersey. We agree it needs to be solved, and we think we're going to solve it, but we're going there to solve that problem. That's a second case problem. The problem here is the absence, and we didn't create this problem, they created the problem by saying chop the cases in two and send one away. Every piece of vacator law we've seen says that this court has the authority to act on the docket in the Western District of Texas. So why didn't you move to stay that transfer pending your appeal? Your Honor, the order came down on the 19th. We noticed the appeal on the 20th, and hours later on the 20th, the transfer took effect. But you didn't seek, did you seek a motion to stay pending appeal? Not before the stay happened. The circuit stayed. They did issue a stay order in the abrupt appeal, so the panel did. So it was stayed, but not before the actual order had issued. The order was notice of appeal, then the clerk supposedly transferred the case, and then afterward, this court issued a stay of the transfer order. When did you file the motion to stay? We didn't file the motion. Right, you didn't file a motion to stay. No, Your Honor, we— Okay, so why did you not file a motion to stay? That is my question.  So this was litigated in Ruck, Your Honor. We filed a mandamus petition and an interlocutory appeal as quickly as we could, and our position was that by filing the notice of appeal, we had vested this court with jurisdiction over the case, and that this court's jurisdiction couldn't be deprived by future actions that the district court took. That's one reason that we didn't move to stay. And another reason is that the real relief we need is an injunction pending appeal. That's all the real relief we need. We don't really care about there being a second case. That doesn't hurt us. What hurts us is the lack of an injunction ruling. And so though we didn't seek to stay immediately, we asked this court, as soon as was practicable, for an injunction pending appeal. And an injunction pending appeal would say what? The same thing that every injunction we've asked for, that says the attorney general cannot enforce the speech crime against our clients for the duration of the appeal. The reason is that this case is going to be won eventually, whether it's in Texas or New Jersey. The final judgment is going to have defense distributed and the Second Amendment Foundation prevail. The only thing we're haggling about is where that ruling has to occur. We think we, of course, win the question on where it occurs, but eventually, this law and these efforts are going to be declared unconstitutional, and it's been four years of us trying to get any court to declare that as an interim measure. We've gone to every court they told us to go to, and every time we go to a court, we get a shell game, and they say, go to the other court. We follow all of the rules, and in this instance, it would be a real injustice if the district court erroneously dismissed our case because of a wrongful position they took, and we still get no relief. If we don't get an injunction pending appeal, we spend another six months, another year with no injunction, even though we've done everything possible to correct these mistakes. I understand that . . . Okay, but you also have the argument, so let's assume arguendo, we issued an opinion tomorrow. You also have this argument that we should grant you a preliminary injunction, which is separate to me from an injunction pending appeal. What is your best case for the proposition that the appellate court should decide a preliminary injunction the district court did not decide? Not injunction pending appeal, but preliminary injunction pending the outcome of the case in the district court. Yes, Your Honor. McDonald v. Longley for F4229, that's an opinion that Judge Smith authored last year where this court rendered a preliminary injunction. I can explain why we think that's warranted here. The Attorney General says that this court shouldn't render a preliminary injunction because he didn't have the right facts in the record below, but of course, he had a full and fair opportunity to make that record. What the AG should have done in this case is what he did in the first go-round, in the proceedings that led to the Gray Wall appeal. Then we had sued and he said, I have a jurisdictional defense, then it was personal jurisdiction and he did like all litigants have a right to do, he both asserted the jurisdictional defense and responded to the injunction. That is obviously permissible. He had an opportunity to do that here, to show up and file anything, put facts in the record. He took a huge tactical risk and he did so wrongly. The record is full. Everything the court needs to decide the injunction is before it and it is legally proper. One thing I'll say about the scope of relief is that if this court gives us a rendition of the preliminary injunction, it's not a permanent injunction. It really is, in essence, only a burden shifter. If this court will render the preliminary injunction, the AG can go back to the district court and add facts to the record, make arguments he didn't make before and if he shows that the preliminary injunction should no longer be sustained, he has an opportunity to make that argument. But the essential point here is that no one has ruled on the injunction in the first instance. But if we were to issue a preliminary injunction as you've described, that would be law of the case for the district court, would it not? It would, Your Honor, for the pure questions of law and it would be law of the case for the record that is before the court. But just like in any given case, we have a preliminary injunction based on the preliminary factual record. They say they have important factual arguments to make. We think they're going to lose, but they say there's some evidence out there that will help them. They've never shown it to anybody. So maybe later in the case, at summary judgment or something, that result may change. But on this record, every fact points in our direction. It would have been an abuse of discretion to deny the preliminary injunction, so rendition for that reason is proper. I'll see if my time has expired. You save some time for rebuttal, Mr. Flores. Thank you. All right. For the appellee, and I'm going to let you pronounce your last name because I'll probably mess it up. May it please the Court, Angela Cai for the New Jersey Attorney General. Ms. Cai. All right. Appellant's arguments are simply inconsistent with the Bruck decision and other precedents of this court. As the Bruck panel recognized, there have been no claims against the New Jersey Attorney General in the Western District of Texas since April, 2021. At that time, the challenge to the New Jersey statute, which is designed to prevent terrorists, minors, criminals from 3D printing fully functional and untraceable firearms, was severed and transferred to the District of New Jersey, which proceeded to consolidate it with a near-identical case. Mr. Flores puts a lot of emphasis on the vacator, and as I understand his argument, he says that we have to give effect to that vacator. Would you address whether that's right, and if so, how do we give effect to it? Yes, Your Honor. As we argued, the vacator does have effect. Its effect is taking away the original April, 2021 transfer of judgment that otherwise would have preclusive or law-of-the-case effect on re-transfer in the District of New Jersey. In fact, Mr. Flores was the person who argued to this court in Bruck that if the plaintiffs, quote, had to seek re-transfer from the District of New Jersey, they would be barred from re-litigating the actual transfer issues and would instead be required to defeat law-of-the-case principles. This is in his reply brief in the Bruck decision, in the Bruck case at page nine, and in his oral argument before the Bruck panel. So that's what the Bruck court addressed. It solved the problem that Mr. Flores asked it to solve. What about the underlying decision? So the vacator does remove the preclusive or law-of-the-case effect. What it doesn't do is it doesn't wipe away the historic temporal effects of the prior decision and act as if the transfer to a different district cannot happen. The vacator, evacator, however you say it, is not magic. And so one case they cite, I think, illustrates this point very well, and that's Pepper versus United States. That's from court decision. Pepper says, when an original sentence is vacated on appeal, the resentencing court has to consider rehabilitative evidence that's happened in the meantime. So that includes what happened after the original sentence. You don't start as if none of those events have happened. You don't go back to the day that the person is before you to be sentenced years ago. And so, in other words, Pepper confirms that vacator doesn't magically erase the actual temporal impact of the original order. And there are many other examples of this. Well, is it your position that the Bruck court recognized that the case is now in the bucket of New Jersey and New Jersey has to send it back? Absolutely, Your Honor, and that— Can you explain that? Yes, Your Honor. So that's step two of the Bruck decision. So there's three steps, as Mr. Flores said. There's vacate, request, and reconsolidate. And each of those steps confirms why their position is wrong. I already talked about vacator. Judge Haynes, you asked about step two. So I think appellants are wrong to suggest that the ask was some kind of side issue to solve this other problem, too. Because as a threshold matter, there is no problem, too. Appellants were already suing us in the District of New Jersey. They chose to file in 2019 a near-identical action. And so it rings hollow to now say there's a problem of excessive claims that the Fifth Circuit has. But more importantly, step two of the Bruck order, by its own terms, was this court's effort to try to get defense distributed the relief they wanted, which is to proceed with the case in Texas. But it recognized that it could not do that by fiat. Instead, it said, consistent with Red Barn and the chorus of other federal precedents, that the only way to get the case back in the District of—Western District of Texas is to request it back. That's a remedy that the Red Barn court called a very extreme case. And as we pointed out to the Bruck court, the court had never done before. We lost that. The court went to that step of asking for the case back against our argument. So I'm not relitigating whether or not it was appropriate to ask for the case back. But that was what the Bruck court recognized was the outer limits of its power. And so it would be odd for it to say, I'm going to take this extra step that has never been done before. If there is no problem to be solved, the case is already here. So Mr. Flores also asserts that the second amended complaint remains in the Western District of Texas. And so he says that actually return of the case from New Jersey, while they are asking for that, isn't necessary for them to prevail. I'm trying to just describe what he told us today so that you can respond to it. Yes, Your Honor. The premise of that is completely foreclosed by O'Neill. And I find it interesting that we've now briefed five rounds of briefs in this case, several rounds in the last Bruck case. We've cited that case that is binding precedent and appellants have never responded to O'Neill. So what O'Neill says is that once the second amended complaint was severed, there are now two complaints with separate jurisdictional entities, such that the case against the State Judgement tomorrow. And it could be immediately appealed, notwithstanding what happens in the second case, which has independent jurisdictional problems. That second case against the New Jersey Attorney General, on its own, its separate independent jurisdictional entity, was fully effectuated in terms of the transfer outside of the court. And so that is why there is no such thing as the second amended complaint as it previously existed as Docket 117. That second amended complaint is now two distinct suits. And so Defense Distributed ignores O'Neill to say, well, there's still a case in the Western District of Texas. But that is literally the opposite of what O'Neill said. And if you look at the court's precedents like Red Barn, it confirms that once that separate case has been transferred electronically, physically, whatever it is, it has left the jurisdiction of the Texas court. You can't have one case that has two, that's being ruled on by two different courts. That's a very basic principle. I think you can look to cases like Briggs, Supreme Court case, as well as the flight transportation case that we had cited to you from the Eighth Circuit. What is your position on whether the proper court to which to appeal the New Jersey District Court's conduct is the Third Circuit or the Fifth Circuit? So I think it's undisputed that there is no way in which this court can review a decision of the New Jersey District Court, and the Third Circuit can. And I understand the defense distributed is dissatisfied with the outcome of the retransfer of proceedings in the District of New Jersey. But as they have acknowledged, they can seek an appeal to the Third Circuit, barring that in the United States Supreme Court. And in fact, they can proceed to request injunctive relief before the District of New Jersey, which stated in its last order that the parties are directed to, quote, proceed with the litigation without additional delay, including responding to a plaintiff's Second Amendment complaint, which is what we first plan on doing expeditiously. And so I think it rings hollow to say they have not been able to find relief anywhere in terms of their request for a decision on the merits. They have chosen not to request that relief from courts that actually have jurisdiction to give them that relief or to at least entertain. So if they went to the Third Circuit and the Third Circuit ordered the case sent back to the Western District of Texas, short of maybe seeking cert from the Supreme Court, let's assume argument or that goes nowhere, you would have to come back and you'd be back in the Western District. Okay. That is absolutely correct. And that is the way in which these cases go and cases that they cite confirm that that is the only approach for them at this point to get the case back in the Western District of Texas. And I don't think the Bruck Court was not cognizant of that possibility. It cited cases like the Nine Mile case, which noted that, quote, we cannot predict whether the files will be returned, but in the event that the transferee court denies the request, quote, the petitioner has another avenue available. It can seek re-transfer in the transferee court and appeal to the court of appeals that oversees that transferee court. So that takes care of, I think, their first theory on cloning or revival or whatever it is. I did want to address very quickly why the refiling theory also does not work. The first thing to note is that the case was not actually refiled in the court below. After the Bruck decision, defense distributed, filed a notice of vacater and a PI motion, but it did not actually file an amended complaint. Proof of that is that they claimed that they filed a Rule 15 motion to file, to seek leave to file, which proves that the case was not actually refiled. They perhaps, by their own terms, sought to leave to be refiled. However, that motion was not proper before the Western District of Texas. As an initial matter, it completely contradicts what the Bruck court said were the only steps to get the case back, but even on its own terms, it didn't comply with any of the rules for filing a motion before the district court. So I don't think that appellants can say we have actually refiled a case in the Western District of Texas such that this court would have jurisdiction over that. And so, without a case against the New Jersey Attorney General, we are not parties to any proceeding below, and therefore, this court cannot grant an injunction against a non-party. Their reliance on the All Writs Act does not actually comport with what the statute of the All Writs Act says and how this court and the Supreme Court has interpreted the outer limits of the All Writs Act. We all agree that the All Writs Act does not serve as an independent basis of jurisdiction. That's cases like Clinton v. Goldsmith, Texas v. Real Parties of Interest, Shoup v. Pfeiffer. You're saying if we were to grant a preliminary injunction against you all, that would be invalid because you're not here, but I'm looking at you. You are here. Your Honor, we are here purely for the purpose of contesting whether or not we were parties to the proceeding below. We are here because this court has jurisdiction to determine whether or not it has jurisdiction, and as we noted in our opening briefs, we are solely here for the purpose of contesting that jurisdictional. And you're not in Texas. You're in New Orleans. That is true, Your Honor. Yeah. That is very true. That is very true. And so, I think what's key is that under appellant's theory of how the All Writs Act would work, you could just, a plaintiff can sue anybody or claim that they've sued anybody who's not actually a party because they haven't been served or they haven't been noted, or any number of barriers to them being a party, appeal, and say, well, they're now a party because I've appealed the case, and courts of appeal have All Writs Act jurisdiction to do whatever it is we ask the court to do against that other entity. That's not how this works, right? Otherwise, we would make the All Writs Act essentially a dead letter because it would have to be, what it actually says is that the courts can only use that authority in order to be in aid of jurisdiction. And I would submit to you that this is a separate basis for why their relief request before this court does not work because a substantive writ or injunction against the New Jersey law is not in aid of this court's jurisdiction. What would be in aid of this court's jurisdiction is what the Brockdorf Court did, which is to request for the case back. Perhaps it would then have jurisdiction over the case if the District of New Jersey were to return the case back. But enjoining the law would not bring the case back before this court. And so I think there's a, it's fairly metaphysical, I suppose, but I do think there's purpose to these formal rules, which is that you need to have parties before you, you need to have jurisdiction over the parties and the case in controversy in order to issue an injunction. Well, I'm not saying we will, but if we concluded we did have jurisdiction to grant a preliminary injunction, what is your argument on the merits of that? Sure, Your Honor. I think the key thing to consider there is that courts of appeal are courts of review, not courts of first view. So appeals courts are not in the business of finding facts in the first instance, and in fact, its review of the district court findings on preliminary injunction are for abuse of discretion. So the district court here decided appropriately that under Rule 68 it could not possibly enter an injunction because we are not parties, they had no jurisdiction over us. And so if this court were to reverse that, which we submit to you it should not, the district court should not be able to intervene to entertain the motion for preliminary injunction in the first instance. And I think that's really important because plaintiff's insistence that it made a fulsome factual record ignores the fact that the district court found no facts. It had no opportunity to because it believed appropriately that it had no jurisdiction to do so. So if this court were to reverse the jurisdictional holding, the district court could then do so. And I think there are many factual disputes that would be submitted to the district court that we would like for an opportunity. But your opponent says you should have done that in the first instance. Why didn't you? I think had we done that, Your Honor, in the alternative. So I do want to clear up something that I think is a misconception. There is a difference in making arguments in the alternative while you're arguing about personal jurisdiction, which are the cases and rules that appellants are citing, and doing so for the purposes of contesting your party status. Remember, appellants are the ones who are arguing that because we are listed in the caption, we are parties. They argue that because we got ECF hits, we are parties. So imagine what they would be arguing to you if we had come to the district court with facts and tried to cross-examine their witnesses or submitted additional evidence. They would have certainly argued that that made us parties to the proceeding below. So we could not have done that. And I think that's very, very important because waiver is not the kind of thing that would apply in this kind of situation. I think that, you know, non-parties don't have any obligation to respond against the mere possibilities that we may be reinstated as a party. That's Bennett versus Pippin. And so at that point in time, I don't think any of the court's precedents would say we had to come in below to contest both our party status and to respond to the merits. Because had we done so, the question of whether or not we were a party, I think, would have been construed against us. Or at least there was a great risk that it would be construed against us. That is not the same thing as being a party, but challenging personal jurisdiction, as the cases they cite discuss. And so— On the question of returning the case from New Jersey, am I correct that you have not cited any case in which a district court under any kind of similar circumstances has refused to return the case? That's correct, Your Honor. Two points on that. First, the question of whether or not what the District of New Jersey decided to do is correct or not, as Judge Haynes was asking about earlier, is a question to be reviewed by the Third Circuit. But I will submit to you that the reason that we have not found any examples is because there are no examples where a transfer has been fully effectuated, the transferee court then proceeded with the case to exercise its own jurisdiction over the case, and then the request was made to return it. And we made that argument to the Bruck Court. I'm not trying to relitigate the appropriateness of the ask, but what happens after the ask is uncharted territory. And so, this court's own citation of the Third Circuit decision in Ray United States is instructed here. That case says, quote, obviously, once the transferee court proceeds with the transfer case, the decision as to the propriety of the transfer is to be made in the transferee court, and that's exactly what's happening. So the transferee court, the District of New Jersey, under these unprecedented circumstances has decided it does not wish to transfer the case back. You, of course, heard Judge Barksdale's questions and the answers to them about what, if anything, has occurred in the district court in New Jersey. Could you tell us, give us your own answer to that? Yes, Your Honor. So after the District of New Jersey denied appellant's reconsideration request in terms of the transfer, what happened is it directed the parties to proceed with the litigation. And so, we are preparing to file responses to the second amendment complaint in the District of New Jersey in short order. And so, according . . . so that, I can't predict what . . . Unless there's an extension, when are those answers due? We have . . . so, I believe we have asked the court in a phone call when that would be and they have not responded, but we expect that to be very, very soon, Your Honor. So, the cases before the District of New Jersey, in the normal course, we would be requesting for a briefing schedule or some kind of schedule for an answer or a motion to dismiss, and that will happen in very short order. And that's the promise to this court. I see my time has expired, or is going to expire. No, you have two minutes. Sure. You're not required to use it, but you're welcome to use it. I do want to just sum up very quickly in terms of why this court should be rejecting the very premise of what appellants have argued here. I think that I've given you case law and basic rules that function around appellate jurisdiction, but I think there's one extra piece that I wanted to tell this court, which is what a decision in appellant's favor would do in terms of how other parties before this court or other courts of appeal might be doing. So, appellant's position, I think, would have very untenable consequences because accepting their theory would mean that any transferor court dissatisfied with what the transferee court is doing subsequently could simply vacate its own transfer decision and, in their terms, buy fiat, clone the case, revive the case, ask the case be refiled, whatever it is, and then that would completely undermine the transferee court's ability to keep going with the case without another court's interference. They have no response to this, and I think that would be incredibly destabilizing to the law of transfer and to the finality of decisions. And so, I don't think that this court should be looking to those theories that are truly unprecedented because it would create such negative consequences for how other cases would be litigated. I understand that this is an unusual case, but I do think that everything that we are arguing is consistent with the rules of appellate jurisdiction and the binding holdings of this court. So, for all those reasons, I urge that this case, this appeal be dismissed for lack of jurisdiction. Thank you, Ms. Khai. We appreciate your being here. Mr. Flores for rebuttal. The best arguments that New Jersey has are trying to re-litigate a first filed rule objection. All of their arguments are about why two cases shouldn't exist at the same time and which should go first. Those are not jurisdictional arguments. We have explained this in the briefs. It is not in financial arguments. All of their arguments are premature first filed rule arguments. We've been fighting this throughout the case. There is no true jurisdictional argument about how a vacator works. I have pointed the court to the second amended complaint. It is in the record. Their opinion won't write. If the court tries to write this opinion, it's going to say, usually a vacator takes the case that is before the court and turns back the clock. What they want you to say is we can't do that here because something is no longer in the district court. But what is that something? The record is in front of the court. You'll see the actual complaint at 1854 of the record. The DACA sheet shows the complaint is still there. The DACA sheet is record page 31. It's still there. The only thing that actually resulted from the sever and transfer was a legal fiction, an act of fiat, a piece of paper in the Western District of Texas that says the Western District of Texas will no longer deem or consider this piece of paper to be effective. This court has complete authority over the Western District of Texas. This court has complete authority and, in fact, already exercised it in Bruck to say that legal fiction has been vacated. Their opinion just won't write because you can't say what is missing. Nothing is actually missing there. Critical point here about why we need the injunction pending appeal from this court is that it's not available in New Jersey in the Third Circuit. We litigated this once already, and they took the position. I will quote from their brief to the Third Circuit. This court, the Third Circuit, likewise should stay its hand and allow the Fifth Circuit in the first instance to adjudicate the claims presented. We have done this once before already. The motion for an injunction pending appeal is critical. This is at least a very close case, a very difficult case, and they have no real argument about the merits of our claims. So I think under traditional injunctive principles, we would say, look at the equities of the parties. Well, they say they have arguments about the merits, but that that's not what's before us. What's before us right now is, is this case in New Jersey or in the Western District of Texas? I agree, Your Honor. I mean, that's a fair argument that we don't get to the merits until we get to who's in charge of the merits. It's a big bet, Your Honor. If someone comes before this court and asks for an injunction pending appeal and the opponent refuses to argue the merits, that's their risk. If they want to bank everything they have on the jurisdictional point, that's their risk. I don't know how long it'll take us to issue an opinion, but I'm a little offended by the notion that you think it's a year. It does happen that we sometimes don't issue an opinion until some time later, but we also try to do so promptly. So I would not say that's the average. The average is not a year. It does happen, and I'm not being disrespectful of that time. And I'm not saying we won't take that time. I'm just saying that's not the average in our court. I understand, Your Honor. It was 10 months in the last appeal when we had the same posture. We appealed. We asked for an injunction pending appeal immediately, and the court sat on the motion and didn't rule on it. So I know the court works as fast as it can. I acknowledge the jurisdictional issues here are novel and complex. But as I say, our side in litigation has done everything the rules have asked us to, and we still don't have a ruling. Was it 10 months from the oral argument? I believe so, Your Honor. I'll have to double check. It's in our review. It's fine. But I think there's a difference between when you file a case and get the final judgment. That probably is a year. But once you have the oral argument, I'm just saying I don't think the average is a year in terms of decisions. But again, I'm not saying when we'll decide it. So I appreciate your argument for the pending appeal. Mr. Flores, if this court declines to grant the relief you're requesting, then your next step is in appealing to the Third Circuit. Is that what you're going to do? Your Honor, we're going to take that step no matter what, because we think there are two problems. So that case up there needs to be dealt with one way or another. We would like to win this appeal and have the actual litigation going on in Texas. And then the New Jersey situation is clean up, just like it is in every other first file. That wasn't my question. I said, if you don't get the relief from this court that you want, your next step is you're going to file your appeal in the Third Circuit. Yes, Your Honor, we're going to do that no matter what. Well, you originally said you didn't do that because you wanted our court to grant the request you wanted. But you are going to take that step if you lose here. Yes, Your Honor. I should clarify. The question is whether we challenge the New Jersey court's transfer decision and when and to when we put our injunction request, our request for an immediate injunction. So long as our request to this court for an injunction pending appeal is pending, we won't duplicate that request in the Third Circuit. We are only asking one court at a time for an injunction pending appeal. And so until this court rules on the injunction pending appeal, we're not going to ask the Third Circuit to, as you'd repeat, that same question. But that's separate from the issue of challenging the underlying transfer decision. If that answers the court's questions. Yes, thank you, Mr. Flores. Your case is under submission. And as previously announced, the court will take a short recess before hearing the.